

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00011-CV
_____

IN THE MATTER OF THE MARRIAGE OF
KELSEY MARIE MCMULLEN AND RICHARD LEROY MCMULLEN, II,
AND IN THE INTEREST OF A.R.M., E.L.M., A.M.M., AND E.R.M., CHILDREN

On Appeal from the 170th District Court
McLennan County, Texas
Trial Court No. 2020-1721-4

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Appellant Richard Leroy McMullen, II, filed a timely pro se notice of appeal on January 11, 2021.[1] The clerk's record was filed February 2, 2021. The reporter's record was filed March 25, 2021. The original deadline for Mason's appellate brief was April 26, 2021. At McMullen's request, this Court extended the deadline for filing his appellate brief until May 26, 2021.

On May 17, 2021, we received a document that purported to be McMullen's appellate brief. That same day, we sent McMullen a letter explaining that, for numerous reasons, the document we received was inadequate to serve as a brief because it did not meet the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. In our letter, we provided McMullen with a detailed explanation of why the document he provided to this Court failed to comply with Rule 38.1. We informed McMullen that, if he did not file a brief that complied with Rule 38.1 by June 24, 2021, this Court could dismiss the appeal.

On June 24, 2021, McMullen provided this Court with a second document that we construed as a revised brief. That document also failed to comply with the requirements of Rule 38.1. Consequently, on June 24, 2021, we sent McMullen a letter informing him that the revised brief, like the first brief he submitted, was inadequate to serve as a brief because it failed to meet the requirements of Rule 38.1, subsections (d), (g) and (i), of the Texas Rules of Appellate

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Procedure. We once again provided McMullen with the opportunity to cure the deficiencies in his brief and informed McMullen that, if he did not file a compliant brief by July 26, 2021, we would dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a).

We did not receive a revised appellate brief in response to our July 26, 2021, letter. Instead, we received a letter from McMullen acknowledging that he was unable to provide this Court with a compliant brief. As a result, McMullen's appeal is ripe for dismissal. Pursuant to Rules 38.8 and 42.3 of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8, 42.3; *see also Running v. City of Athens*, No. 12-18-00047-CV, 2018 WL 2326775, at *1 (Tex. App.—Tyler, May 23, 2018, no pet.) (mem. op.).


Ralph K. Burgess
Justice

Date Submitted:     July 28, 2021
Date Decided:       July 29, 2021

3